```
                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF MISSISSIPPI
                          JACKSON DIVISION
```

HENRY A. MOAK, JR.                                          PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:09CV315TSL-JCS

J.P. MORGAN CHASE BANK, NATIONAL
ASSOCIATION, AS SUCCESSOR TO
WASHINGTON MUTUAL BANK                                     DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of plaintiff Henry A. Moak, Jr. to remand pursuant to 28 U.S.C. § 1447. Defendant JP Morgan Chase Bank, NA (Chase) has responded to the motion and the court, having considered the memoranda of authorities submitted by the parties, concludes that the motion should be denied.

Plaintiff, a citizen of Mississippi, filed this action on April 29, 2009, in the Circuit Court of Madison County, Mississippi, against Chase, a national association with its principal place of business in the State of Ohio. Chase timely removed the case on the basis of diversity jurisdiction. Plaintiff has now moved to remand, contending that while the parties are of diverse citizenship, the amount in controversy does not meet the $75,000 threshold for federal diversity jurisdiction since his complaint demands damages of only $50,000. See 29 U.S.C. § 1332 ("The district courts shall have original

jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States...."). In response to the motion, Chase argues that based on the request for declaratory relief in plaintiff's complaint, coupled with his demand for damages, it is facially apparent from the complaint that the amount in controversy exceeds $75,000. The court must agree.

According to the allegations of plaintiff's state court "Complaint for Declaratory Judgement and Other Relief," plaintiff obtained a $125,000 mortgage loan from Altus Mortgage Corporation in 1987 for the purchase of a condominium in Destin, Florida. In 2001, plaintiff sold the condominium and the buyers agreed to assume the mortgage. The loan matured on November 14, 1994 and plaintiff asserts he never renewed, extended or otherwise agreed to continue to be bound by the terms of the loan. Subsequently, the mortgage loan was transferred to Washington Mutual Bank, and was then acquired by Chase.

Plaintiff alleges that notwithstanding that he no longer has any legal obligation on the mortgage loan, the balance of which is now $67,977, Washington Mutual has willfully and intentionally continued to report this loan as a debt of plaintiff's, which has impaired plaintiff's ability to obtain favorable credit from lenders. In Count 1 of his complaint, plaintiff asks that the

2

court enter a declaratory judgment "that the Mortgage and Note reached maturity in 1994, and that such is barred by the statutes of repose and/or limitations" and "that Plaintiff, Henry A. Moak, Jr., has no legal liability or responsibility in regard to the Mortgage and Note." He further seeks a declaration that Chase should refrain from reporting information to third parties which indicates that plaintiff has any legal responsibility on the mortgage or note and that "Defendant should be estopped from attempting to enforce the Mortgage or Note." In Count 2, plaintiff seeks "damages of $50,000.00 along with his costs, attorneys fees and such other relief as to which he may be entitled…."

While there is nothing in the complaint or otherwise to suggest that plaintiff seeks damages of more than $50,000, a determination of the amount in controversy must take into account not only his *damages* demand, but also his claim for equitable relief. The Fifth Circuit has stated with regard to actions for equitable relief brought pursuant to a court's diversity jurisdiction that "'[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented.'" St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1252-53 (5th Cir. 1998) (quoting Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir. 1983)). Here, plaintiff seeks a declaration that he owes nothing

3

on the subject mortgage, the balance of which is alleged to be $67,970. The court must conclude, therefore, that the amount in controversy, which includes both the equitable and monetary relief sought by plaintiff, exceeds $75,000.

Accordingly, it is ordered that plaintiff's motion to remand is denied.

SO ORDERED this 20th day of July, 2009.

                                       /s/ Tom S. Lee
                                       UNITED STATES DISTRICT